UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Indictment No.: CR421-31 |
| | ) | |
| | ) | 18 U.S.C. § 554 SMUGGLING |
| V. | ) | |
| | ) | 18 U.S.C. § 922(E) FAILURE TO NOTIFY |
| NIHAD AL JABERI | ) | A COMMON CARRIER |
| | ) | |
| Defendant. | ) | 13 U.S.C. § 305 SUBMITTING FALSE OR |
| | ) | MISLEADING EXPORT INFORMATION |
| | ) | |
| _____ | ) | |

## **MOTION FOR DISCOVERY**

COMES NOW, NIHAD AL JABERI, by and through his attorney of record, and files this, his Motion for Discovery under the Federal Rules of Criminal Procedure, Local Rules for the Administration of Criminal Cases, Federal Rules of Evidence, and substantive Federal law.  In support thereof, Defendant shows as follows:

### AUTHORITY FOR REQUEST

1.  Defendant requests discovery in accordance with Rules 12.2(d), 16 and 26.2 of the Federal Rules of Criminal Procedure and Rules 12.3 and 16.1 of the Local Rules;

2. Defendant requests discovery in accordance with *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny;

3.  Defendant requests discovery of co-defendant's statements in accordance with *United States v. Rivera*, 6 F.3d 431 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 1098 (1994).

4.  Defendant requests discovery under the Jencks Act in accordance with Title 18, United States Code, Section 3500, *et al*; and

5. Defendant requests discovery in accordance with Rule 404(b), Federal Rules of Evidence and Local Rules 12.3 and 16.2.

<u>SPECIFIC REQUESTS</u>

6. The Defendant requests pursuant to Local Rule 16.1 that the Government be required to comply with Rule 16 of the Local Rules and Rule 16(a), Federal Rules of Criminal Procedure not later than seven (7) days after the initial arraignment of the particular Defendant in question. If the Government is unable to comply with the 7-day discovery requirement, they shall file such declination in writing specifying the types of disclosure that are declined and the grounds therefor.

7. Pursuant to Rule 16, Federal Rules of Criminal Procedure, and Local Rule 16.1, the Defendant requests to inspect and copy or photograph the following:

1) Any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

2) The substance of any oral statement which the Government intends to offer in evidence at the trial made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a Government agency.

3) Such copy of Defendant's prior criminal record, if any, as is within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

4) Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of his defense, or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the Defendant.

5) Any results or reports of physical or mental examinations and/or scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become

known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

6) A written summary of testimony the Government intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence during its case in chief at trial. Such summary must describe the witnesses' opinion, the basis and reasons therefor, and the witnesses' qualifications. F.R.Cr.P. 16(a)(1)(E).

8.  Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny, the Defendant requests that the Government produce any and all evidence which would tend to exculpate the Defendant (that is, evidence which is favorable and material to the defense), or which would constitute impeachment of Government witnesses, or which would serve to mitigate punishment if any be imposed in this case. This includes and is not limited to the following:

1) Any evidence tending to show threats, promises, payments or inducements made by the Government or any agent thereof which would bear upon the credibility of any Government witness.

2) Any statement of any Government witness which is inconsistent with his accusatory statement which led to the indictment in this case.

3) Any statement of any Government witness which is inconsistent with testimony at trial.

4) Any prior conviction of any Government witness, which involved dishonesty or false statements, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted.

5) Any pending criminal charges against any Government witness.

6) Any specific instances of the conduct of any Government witness which would tend to show character for untruthfulness.

7) Any statement of a witness that is exculpatory of this Defendant, fails to mention this Defendant, or fails to identify this Defendant.  *United States v. Furlett*, 1991 U.S. Dist. LEXIS 17220 (N.D. Ill. Nov. 25, 1991)(ordering 23 production of statements of witnesses in a position to know who did not  identify defendant); *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978), or eyewitness' failure to identify defendant.   *United States v. Torres*, 719 F.2d 549 (2d Cir. 1985); *Ganci v. Berry*, 702 F. Supp. 400 (E.D.N.Y.  1988), *aff'd*, 896 F.2d 543 (2d Cir. 1990).

Disclosure by the Government must be made at such a time as to allow the Defendant to use the favorable material effectively in the preparation and presentation of its case even if satisfaction of this criterion requires pretrial disclosure.

9.  Statements of co-defendants.  The Defendant requests, pursuant to *United States v. Rivera*, 6 F.3d 431 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 1098 (1994), any and all statements made by co-defendants that are known to the Government and relevant to this prosecution in any way.

10. Jencks Act Materials.  The Defendant requests, pursuant to 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure, that the Government disclose all pretrial statements of any of its witnesses as soon as practicable in order to afford the Defendant adequate time to prepare the defense of his or her case.  Further, Defendant requests that all potentially discoverable materials under the Jencks Act (agent's notes, memoranda, reports, etc.) be preserved by the Government until the conclusion of the case.  Defense counsel acknowledges his duty under Local Rule 16.1 regarding limitations on dissemination of Jencks Act Materials provided pre-trial.

11. Pursuant to Rule 404(b), Federal Rules of Evidence and Local Rules 12.3 and 16.2 Defendant requests that the Government provide to the Defendant any and all evidence of other

crimes, wrongs, or acts of the Defendant which the Government intends to use at trial of the case within twenty (20) days after the initial arraignment of the particular Defendant in question.  If prior to or during trial the Government should discover additional evidence or material which is covered by this request, the Government shall promptly notify Defendant's counsel or the Court of the existence of this additional material or witness.

In accordance with Local Rule 12.3, Defendant requests, at least 14 (fourteen) days prior to trial, a written notice stating the names and addresses of the witnesses and the substance of any direct or circumstantial evidence of prior acts of the defendant, specific instances of conduct, or criminal convictions of the defendant upon which the government intends to rely to establish the defendant's predisposition to commit the crime alleged.

12. Reservation of Further Discovery Requests.  Should the Defendant require additional discovery not covered by this Order, he or she shall file an additional Motion for Discovery asking for the specific item that he or she is requesting with proper memorandum and specific citations setting forth the authority for the granting of such request.

This 15th day of March, 2021.

Respectfully submitted,
BALBO & GREGG, ATTORNEYS AT LAW, PC

By:  /S/  Chester J. Gregg
Chester J. Gregg, Esq.
Georgia Bar No.925687

P.O. Box 1297
Richmond Hill, GA  31324
(912) 459-1776 Telephone
(912) 459-1777 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 15th day of March, 2021.

Respectfully submitted,
BALBO & GREGG, ATTORNEYS AT LAW, PC

By:  /S/  Chester J. Gregg
      Chester J. Gregg, Esq.
      Georgia Bar No.925687

P.O. Box 1297
Richmond Hill, GA  31324
(912) 459-1776 Telephone
(912) 459-1777 Facsimile