**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 4:21cr31 |
| | ) | |
| NIHAD AL JABERI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

The Court enters this Order because the defendant in this case has sent correspondence to the Court, either via the Office of the Clerk or to a judge's chambers.  As this Court has explained, "if a litigant seeks judicial action of any sort . . . , it must be contained within a *motion* arising from a properly filed lawsuit.  It cannot be requested in a personal *letter* to a judge," or to the Clerk or Court.  *In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).   Moreover, this Court's Local Rules state that "a defendant represented by counsel *may not file* a motion, brief, or other paper *pro se*, except for a motion for the appointment of new counsel or a motion to proceed *pro se*."  S.D. Ga. L. Crim. R. 44.2.  What that Rule means is that criminal defendants, who are represented by counsel, can only submit material to be filed *to their attorney*, if the attorney determines filing is warranted, he or she will take appropriate action.  *Cf. Thomas v. Tenneco*

*Packaging Co.*, 293 F. 3d 1306, 1327 (11th Cir. 2002) (Given their duties of candor and loyalty to the Court, "it follows that an attorney cannot 'file first and think later,' [cit.], thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document." (citation omitted)).

The undersigned has reviewed the correspondence and confirmed that it does not request appointment of new counsel or leave to proceed *pro se*. Accordingly, the Local Rules prohibit its filing.  The Clerk is **DIRECTED** to docket this Order and return the correspondence (or a copy if the original has not been retained) to the sender along with a copy of this Order.  The Clerk is further **DIRECTED** to send a copy of the correspondence and this Order to defendant's counsel.  To the extent that the correspondence includes any request(s) that might be raised by a properly filed motion, any such request is **DENIED**.  The sender is also expressly advised that the Court offers no opinion on whether any fact asserted or alleged in the correspondence might form the basis of a separate lawsuit, if properly filed.  *Cf. Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency [in construction of pleadings] does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (internal quotation marks

2

and citations omitted)).  **The sender is advised that the Court will take no further action based on the correspondence.**

**SO ORDERED**, this 18TH day of April, 2022.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

3